**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Venancio P.J.,

         Petitioner,

v.

Todd Blanche, Markwayne Mullin, Todd
Lyons, David Easterwood, and Sheriff
Joel Brott,

         Respondents.

Case No. 26-CV-2740 (ECT/JFD)

**REPORT AND**
**RECOMMENDATION**

---

This matter is before the Court on Venancio P.J.'s petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, a citizen of Mexico, has been detained by U.S. Immigration and Customs Enforcement ("ICE") since December 20, 2025, at the Sherburne County Jail. Petitioner asserts that he was arrested without a warrant, and his detention is unlawful whether evaluated under 8 U.S.C. § 1225 or § 1226. He also argues that his detention violates the Due Process Clause of the Fifth Amendment. Respondents oppose the petition. As set forth below, the Court finds that Petitioner's arrest and resulting detention are unlawful, under either § 1225 or § 1226. The Court therefore recommends that the petition be granted and Petitioner be released.

## I.    Background

Petitioner is a citizen of Mexico and alleges he has lived in the United States since 2010. (Pet. ¶ 52, Dkt. No. 1.) Petitioner lives in Hastings, Minnesota, with his spouse and

two adolescent children, and he operates a tiling and remodeling company. (Pet. ¶ 53.) Petitioner was taken into custody by ICE officers on December 20, 2025, as he was leaving a worksite. (Pet. ¶ 54.) The officers surrounded his vehicle, with their guns drawn, and ordered him out of the car. (Pet. ¶ 54.) When Petitioner got out of his car, the officers handcuffed him and placed him in an unmarked vehicle. (Pet. ¶ 54.) The officers did not have a warrant or any other paperwork. (Pet. ¶ 54.) Petitioner has been detained at the Sherburne County Jail in Elk River, Minnesota, since that date. (Pet. ¶ 55.)

In response to the petition, ICE Deportation Officer ("DO") Ivan Sabin provided a declaration on behalf of Respondents. (Dkt. No. 7.) DO Sabin asserts that ICE officers "encountered" Petitioner on December 20, 2025, "determined [he] was amenable to enforcement action," and took him into custody. (Sabin Decl. ¶ 9.) After reviewing internal databases, ICE officers confirmed that Petitioner was in the United States without legal immigration status. (Sabin Decl. ¶ 10.) Officers then issued a Form I-200 administrative warrant and gave it to Petitioner. (Sabin Decl. ¶ 10 & Ex. D.) The Form I-200 administrative warrant authorizes the arrest of Petitioner by "[a]ny immigration officer authorized pursuant to section 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Sabin Decl. Ex. D.) Petitioner was also given a Notice to Appear with a hearing date of July 14, 2026. (Sabin Decl. ¶ 11 & Ex. B.)

On April 9, 2026, an immigration judge ("IJ") issued an order denying Petitioner's application for cancellation of removal and ordering him removed from the United States to Mexico. (Sabin Decl. ¶ 12 & Ex. C at 8.) The IJ's decision explained that ICE

2

commenced removal proceedings against Petitioner on December 27, 2025; the IJ held an initial hearing on February 3, 2026, during which the IJ "sustained the charges of inadmissibility and designated Mexico as the country of removal"; and the IJ held a merits hearing on April 9, 2026. (Sabin Decl. Ex. C at 1–2.) Petitioner filed an appeal of the IJ's order on May 6, 2026, and the appeal remains pending. (Pet. ¶ 56.)

## II.   Discussion

Pursuant to 28 U.S.C. § 2241, federal courts have jurisdiction to order the release of a person held in the custody of the United States "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "This authority includes the release of detained noncitizens . . . ." *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 779 (D. Minn. 2025). Petitioner has the "burden to prove illegal detention by a preponderance of the evidence." *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

### A.   Petitioner Was Arrested and Detained Under 8 U.S.C. § 1226, Not § 1225.

The Court first considers whether Petitioner was arrested and detained under 8 U.S.C. § 1225 or § 1226. Petitioner asserts that ICE invoked its authority under § 1226 when they arrested and detained him, and the authority invoked at the time of the arrest and detention should control. (Pet'r's Reply at 4, Dkt. No. 8.) Respondents do not address this argument directly, but contend that Petitioner is a noncitizen seeking admission to the United States, and under *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), he is detained under § 1225(b)(2). (Resp'ts' Resp. at 4, Dkt. No. 6.)

3

The Form I-200 administrative warrant that was issued to Petitioner after he was taken into custody referred to section 236 of the Immigration and Nationality Act ("INA"). Section 236 of the INA is codified at 8 U.S.C. § 1226. The Form I-200 administrative warrant's reference to section 236 represented to Petitioner that his arrest was based on § 1226 and "that he was not subject to mandatory detention under § 1225(b)(2)." *See Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026); *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 962, 969 (D. Minn. 2025) (determining, where the Form I-200 administrative warrant contained the same language as in this case, that the petitioner "was arrested on a warrant pursuant to § 1226"). The fact that the warrant was issued after Petitioner was taken into custody does not change that conclusion. *See Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2–3 (D. Minn. May 13, 2026) (where the Form I-200 administrative warrant was issued on the same day, but after, the petitioner was detained, nonetheless determining that the respondents invoked § 1226 to detain the petitioner).

Respondents have offered no evidence from which to draw the conclusion that Petitioner was arrested and detained under § 1225. And, if that were true, it would raise the question why ICE issued a Form I-200 administrative warrant, because § 1225, unlike § 1226, does not contemplate warrants. The Court will hold Respondents to their representation in the Form I-200 administrative warrant and will consider Petitioner's detention under the framework of § 1226. *See Martha C.G.P.*, 2026 WL 1329577, at *2; *Hector J.A.S.*, 2026 WL 1243500, at *2; *Jose J.O.E.*, 797 F. Supp. 3d at 961, 969–70

(determining that a noncitizen arrested under the authority of 8 U.S.C. § 1226 is subject to that statute's detention scheme, not § 1225).

> **B.      Petitioner Was Arrested Before the Form I-200 Administrative Warrant Was Issued.**

Title 8 U.S.C. § 1226(a) allows for the arrest and detention of a noncitizen "[o]n a warrant issued by the Attorney General." It is undisputed that the Form I-200 administrative warrant was not issued until after Petitioner was arrested and detained. (*See* Resp'ts' Resp. at 9 ("Within 48 hours of his arrest, a warrant was issued to serve upon Petitioner, indicating the basis for the arrest as being voluntary admissions or other affirmative evidence given by Petitioner to the immigration officials."); Sabin Decl. ¶¶ 9–10 (stating that after Petitioner was arrested, ICE officers reviewed internal databases to confirm his status, and then issued the Form I-200 administrative warrant).) A Form I-200 administrative warrant must be issued before an arrest and detention pursuant to § 1226, not after. *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *see also Marleni S.B. v. Bondi*, No. 26-CV-1707 (DWF/ECW), 2026 WL 710624, at *3 (D. Minn. Mar. 13, 2026); *Francisco M.A. v. Blanche*, No. 26-CV-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026). "The remedy for a warrantless arrest is immediate release." *Marleni S.B.*, 2026 WL 710624, at *4; *see Ahmed M.*, 2026 WL 25627, at *3 (noting that release is the appropriate remedy when a petitioner's detention lacks a lawful basis).

**C.** **Even if 8 U.S.C. § 1225 Applied to Petitioner's Detention, ICE Did Not Comply with 8 U.S.C. § 1357(a)(2) in Arresting Him.**

Even if Petitioner were considered an "applicant for admission" and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2), ICE must still have complied with 8 U.S.C. § 1357(a)(2) in arresting him. *See Martha C.G.P.*, 2026 WL 1329577, at *3; *Wilson L.L. v. Blanche*, No. 26-CV-2475 (JRT/EMB), 2026 WL 1283186, at *2 (D. Minn. May 11, 2026). Under § 1357(a)(2), an ICE officer has the power to arrest without a warrant a noncitizen whom the officer "has reason to believe . . . is in the United States in violation of [any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens] and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Accepting *arguendo* there was reason to believe before the arrest that Petitioner was in the United States unlawfully, nothing in the record suggests that Petitioner would likely escape before an arrest warrant could be obtained. "Just because a noncitizen is unlawfully present in the United States does not mean that he or she is likely to escape." *Francisco M.A.*, 2026 WL 1229701, at *3 (citing *Ruben D.A.G. v. Blanche*, No. 26-CV-2041, slip op. at 8 (D. Minn. Apr. 20, 2026) ("Anyone without a lawful presence does not immediately present a likelihood of escape merely by being a noncitizen.")). Respondents do not even acknowledge the likelihood-of-escape requirement for a warrantless arrest under § 1357(a)(2) in their briefing or declaration.

**III.     Recommendation**

Respondents focus their argument on an assertion that Petitioner's arrest and subsequent detention are not just allowed, but mandated, by § 1225, but this argument

misses the point in at least two ways. First, Respondents themselves obtained an after-the-fact warrant that premised Petitioner's arrest on § 1226, and second, even if Petitioner's warrantless arrest was based on § 1225, it was illegal, because a warrantless arrest under § 1225 is allowed only if a determination has been made that Petitioner is likely to flee before a warrant can be obtained. This requirement was not complied with and Respondents do not even attempt to show that it was. Therefore, whether Petitioner's detention is subject to § 1225 or § 1226, his arrest and resulting detention are unlawful. The Court therefore recommends that the petition be granted and Respondents be ordered to immediately release Petitioner from custody. The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and Recommendation and for filing responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that Petitioner Venancio P.J.'s petition for a writ of habeas corpus (Dkt. No. 1) be **GRANTED** and Petitioner be released immediately from custody.

Dated: June 15, 2026  

*s/ John F. Docherty*  
JOHN F. DOCHERTY  
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) **The Court modifies the deadline such that objections are due on or before June 18, 2026. Responses to objections are due on or before June 23, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).