UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Venancio P.J.,

      Petitioner,

v.

Todd Blanche, *in his official capacity as Acting Attorney General of the United States*; Markwayne Mullin, *in his official capacity as Secretary of the Department of Homeland Security*; David Venturella,[1] *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and Joel Brott, *in his official capacity as Sheriff of Sherburne County*,

      Respondents.

File No. 26-cv-2740 (ECT/JFD)

**OPINION AND ORDER**

Grant Daniel Goerke and John H. Lassetter, Littler Mendelson, PC, Minneapolis, MN, for Petitioner Venancio P.J.

David W. Fuller and Pedro Del Valle, IV, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David Venturella, and David Easterwood.

Magistrate Judge John F. Docherty issued a Report and Recommendation dated June 15, 2026. ECF No. 9. Judge Docherty recommended that Petitioner Venancio P.J.'s

---

[1]    Acting Director Venturella is automatically substituted for Todd Lyons. Fed. R. Civ. P. 25(d).

Verified Petition for Writ of Habeas Corpus [ECF No. 1] be granted and that Venancio be immediately released from custody. ECF No. 9 at 8. Judge Docherty concluded that (1) Venancio was arrested and detained under 8 U.S.C. § 1226, not § 1225; (2) he was arrested before the Form I-200 administrative warrant was issued; and (3) that even if § 1225 were applied, U.S. Immigration and Customs Enforcement ("ICE") failed to comply with the warrantless arrest requirements of 8 U.S.C. § 1357(a)(2).[2]    ECF No. 9 at 3–6. Respondents[3] objected to the Report and Recommendation, ECF No. 10, meaning it will be reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). This Order presumes familiarity with the Report and Recommendation.

Respondents make two objections. First, they argue that § 1225(b)(2)(A) governs Venancio's detention, not § 1226(a). ECF No. 10 at 2–6. Second, they argue that if the warrant should have preceded the arrest, immediate release is not the appropriate remedy.

---

[2]    The Petition raises additional grounds for relief. Counts I and II allege violations of the Fifth Amendment's Due Process Clause on substantive due process and procedural due process theories, respectively. Pet. ¶¶ 57–74. Count III alleges that subjecting Venancio to mandatory detention under § 1225(b)(2)(A) rather than discretionary detention under § 1226(a) violates the Immigration and Nationality Act and his Fifth Amendment procedural due process rights. Pet. ¶¶ 75–81. Recognizing that the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), forecloses this challenge, Venancio includes the argument to preserve it on appeal. Pet. ¶¶ 8, 45. Count IV presumes that Venancio is entitled to a bond hearing, and alleges that Respondents failed to provide him one in violation of implementing regulations. *Id.* ¶¶ 82–85. Count V presents the § 1357 argument, which the Report and Recommendation analyzes. Pet. ¶¶ 86–93. Count VI alleges that Venancio's arrest violated the Fourth Amendment. *Id.* ¶¶ 94–98. Because release will be ordered on the § 1357 rationale, the other grounds for relief will not be addressed.

[3]    "Respondents" refers to Acting Attorney General Blanche, Secretary Mullin, Acting Director Venturella, and Acting Director Easterwood. Sherburne County Sheriff Brott has not appeared in these proceedings.

*Id.* at 6–7.  Respondents do not object to Judge Docherty's conclusion that, if the arrest was conducted without a warrant, it failed to conform to the requirements of § 1357.  In fact, they appear to acknowledge that § 1357(a) applies to arrests of individuals subject to § 1225's mandatory-detention scheme.  *See* ECF No. 10 at 5 n.2 ("Because § 1225 does not contemplate the use of warrants in its statutory text, warrants are not necessary prior to the Government exercising its § 1225 detention authority.  The Government should at least endeavor to inquire into alienage.  8 U.S.C. § 1357(a)(1).").

I am persuaded by Respondents' argument that the reference to § 1226 on Venancio's Form I-200 did not commit Respondents to detaining Venancio under § 1226.  The Form is addressed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [INA] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations."  ECF No. 7-4; *see* 8 U.S.C. § 1226 (codification of INA section 236); 8 U.S.C. § 1357 (codification of INA section 287).  That language identifies which officers are authorized to conduct the arrest.  It does not indicate that the arrest will occur pursuant to § 1226 or represent to Venancio that he is being arrested under that statute.  *See Gudino v. Almodovar*, No. 1:26-cv-00402-MKV, 2026 WL 251887, at *3 (S.D.N.Y. Jan. 30, 2026); *Liang v. Almodovar*, No. 1:25-cv-09322-MKV, 2025 WL 3641512, at *2 & n.6 (S.D.N.Y. Dec. 15, 2025).[4]  It makes sense that the warrant does not mention § 1225, as that statute does not

---

[4]    On this issue, reasonable judges can (and do) disagree.  *See Francisco M.A. v. Blanche*, No. 26-cv-2032 (JRT/EMB), 2026 WL 1229701, at *1 (D. Minn. May 5, 2026); *Martha C.G.P. v. Blanche*, No. 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026).  I have considered those opinions but am persuaded otherwise.

address the subject of warrants. In another case, I found a petitioner's detention was pursuant to § 1226 where the Form I-286 Notice of Custody Determination cited § 1226 as the statute authorizing arrest. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963, 969 & n.7 (D. Minn. 2025), *appeal dismissed sub nom.*, *Escalante v. Bondi*, No. 25-3126, 2025 WL 4698552 (8th Cir. Dec. 5, 2025). We don't have those facts here. This objection will be sustained.

Because Venancio remains in the United States without lawful admission, he is an "alien seeking admission" under § 1225(b)(2)(A). *Avila*, 170 F.4th at 1133–34 (treating "seeking admission" in § 1225(b)(2)(A) and "applicant for admission" in § 1225(a)(1) as equivalent); 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission.").

Though Venancio is subject to mandatory detention under § 1225(b)(2)(A), ICE must still have valid statutory authority to arrest him. "Like any federal agency, ICE 'literally has no power to act—including under its regulations—unless and until Congress authorizes it to do so by statute.'" *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 2 (D. Minn. May 26, 2026), ECF No. 9 (quoting *FEC v. Cruz*, 596 U.S. 289, 301) (2022)). Though § 1225 does not address warrants, I presume for the sake of analysis that a valid administrative warrant under § 1226(a) is sufficient authority to subject an individual to mandatory detention under § 1225(b)(2)(A). *See Luis A.S.*, slip op. at 2–8 (implicitly doing the same). That warrant must be issued before the arrest. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1).

The problem here, as in *Luis A.S.*, is that the warrant was issued after the arrest. The warrant is dated December 20, 2025. ECF No. 7-4. Venancio was arrested and served a warrant on the same day, but there is no dispute that the arrest came first. Pet. ¶ 54; ECF No. 7 ¶¶ 9–10. Deportation Officer Ivan Sabin attested that officers "encountered" Venancio on December 20, 2025, took him into custody, reviewed internal databases that confirmed his unlawful status, and then issued the Form I-200 arrest warrant. ECF No. 7 ¶¶ 9–10. Respondents have not disputed Venancio's descriptions of this "encounter," which bear the hallmarks of an arrest. *See* Pet. ¶ 54 (alleging that plainclothes ICE officers pulled up beside Venancio's vehicle, exited with guns drawn, threatened to shoot his tires and deploy tear gas, handcuffed him, placed him in an ICE vehicle, all without presenting a warrant or asking Venancio to identify himself); *United States v. Bloomfield*, 40 F.3d 910, 916–17 (8th Cir. 1994) (distinguishing arrests from investigative stops by considering the degree to which the police conduct was intrusive, and whether the individual was confined, transported, isolated, and handcuffed). The warrant's probable-cause determination points to Venancio's voluntary statements to an immigration officer, ECF No. 7-4, and it "difficult to understand how the warrant could be based on . . . any information that an immigration officer would have had about [Venancio] prior to his arrest." *Luis A.S.*, slip op. at 5.[5] In other words, Venancio was arrested by an officer in

---

[5] In their objections to the Report and Recommendation, Respondents argue that "the record here shows that ICE served [Venancio] with a Form I-200 before taking him into custody." ECF No. 10 at 3 n.1. This contention is troubling. Respondents cite no record evidence for that statement, and Deportation Officer Ivan Sabin's sworn declaration contradicts it. *See* ECF No. 7 ¶¶ 9–10.

the field, but a warrant was not issued until he was detained.  Respondents describe this as a "defect in the paperwork sequence."  ECF No. 10 at 7.  It is more accurate to call it a warrantless arrest.

Respondents did not object to the Report and Recommendation's determination that § 1357(a)(2)'s requirements—probable cause that the individual violated immigration law and is likely to escape before a warrant can issue, *see United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010)—apply to warrantless immigration arrests of individuals subject to mandatory detention under § 1225(b)(2)(A).  There is ample persuasive authority for that principle in this Circuit.  *See Francisco M.A. v. Blanche*, No. 26-cv-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026); *Fernando C.C. v. Bondi*, No. 26-cv-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026) ("Accordingly a warrantless arrest under 8 U.S.C. § 1357(a)(2) is a threshold exception to arrest by warrant and, after the arrest, detention may proceed under Sections 1225, 1226 and 1231."); *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *2 (D. Neb. May 19, 2026); *Jose Luis G.G. v. Noem*, No. 5:26-CV-05023-KES, 2026 WL 836807, at *2–3 (D.S.D. Mar. 26, 2026).  Since there is no objection, I reviewed this portion of the Report and Recommendation for clear error.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).  Judge Docherty's conclusion that ICE officers lacked probable cause that Venancio was likely to escape before a warrant could issue is not clearly erroneous.  *See* ECF No. 9 at 6.  The warrantless arrest did not comply with § 1357(a)(2).

Finally, Respondents object to Judge Docherty's recommendation of immediate release. However, release is the typical remedy in habeas proceedings. *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Sergio R.V.-P. v. Mullin*, No. 26-cv-2361 (NEB/ECW), 2026 WL 1727869, at *6 (D. Minn. May 29, 2026), *R. & R. adopted*, 2026 WL 1725810 (D. Minn. June 15, 2026); *Juan J.M.E. v. Easterwood*, No. 26-cv-2270 (KMM/EMB), 2026 WL 1746672, at *4 (D. Minn. June 8, 2026), *R. & R. adopted*, 2026 WL 1747756 (D. Minn. June 17, 2026). Respondents ask for an order "tailored" to redress an agency's procedural violation, but have not proposed a specific alternative. On this record, Venancio is subject to mandatory detention under § 1225(b)(2)(A), and it is possible that ICE will again arrest and detain him. But they must do so in compliance with the law. This objection will be overruled, and Venancio will be ordered released.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 10] are **OVERRULED IN PART** and **SUSTAINED IN PART** as explained above.

2. The Report and Recommendation [ECF No. 9] is **ACCEPTED IN PART** and **REJECTED IN PART** as explained above.

3. Petitioner Venancio P.J.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as explained above.

4.      Respondents are **ORDERED** to immediately release Petitioner Venancio P.J. from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 29, 2026                          s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court